IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT BIELER, | |
| Plaintiff, | 8:16-CV-47 |
| vs. | MEMORANDUM AND ORDER |
| CARDINAL HEALTH 200, LLC, | |
| Defendant. | |

This case is before the Court on a motion to dismiss (filing 7). Plaintiff Scott Bieler alleges that his former employer, Cardinal Health 200, retaliated against him for a work-related injury and failed to accommodate a disability caused by that injury. *See* filing 1. The defendant moves to dismiss the failure-to-accommodate claim as time-barred. Filing 7. The Court will grant the motion to dismiss.

BACKGROUND

Bieler alleges that he was working for Cardinal Health in Bellevue, Nebraska when he suffered a shoulder injury, but that he was able to work with reasonable accommodations. Filing 1 at 1. But, he alleges, Cardinal Health failed to make reasonable accommodations so that he could remain employed, and he was fired after he informed Cardinal Health that he might require surgery. Filing 1 at 1-2.

Bieler presented his disability discrimination claim to the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC"). *See*, filing 9-1; filing 9-2; *see also* filing 1 at ¶4. On August 25, 2015, the NEOC issued a determination of "no reasonable cause" and closed the charge. Filing 9-1. The NEOC letter included a warning that the deadline for filing a lawsuit was "90 days after the receipt of this notice." Filing 9-1 at 8; *see* Neb. Rev. Stat. § 48-1120.01. On October 23, the EEOC issued Bieler a right-to-sue letter adopting the NEOC's findings, and advising Bieler that any lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this notice**[.]" Filing 9-2. On January 26, 2016, Bieler filed this case.

Bieler's complaint alleges that he was retaliated against for making a lawful workers' compensation claim, in violation of Nebraska law. Filing 1 at 1-2; *see Jackson v. Morris Commc'ns Corp.*, 657 N.W.2d 634 (Neb. 2003). The

complaint also alleges a failure to accommodate his disability. Filing 1 at 2-3. Only the failure-to-accommodate claim is placed at issue by Cardinal Health's motion to dismiss.

## STANDARD OF REVIEW

Cardinal Health's motion to dismiss relies on Fed. R. Civ. P. 12(b)(6). Filing 7. When it appears from the face of the complaint itself that a limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss. *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985). And the court may also consider some information which is not contained within the complaint, such as materials that are part of the public record and materials that are necessarily embraced by the pleadings, without transforming the motion into one for summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). The NEOC and EEOC determinations submitted by Cardinal Health in support of its motion to dismiss are such materials. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002); *see also*, *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir.), *cert. denied sub nom. Adams v. City of Indianapolis, Ind.*, 135 S. Ct. 286 (2014); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1017 (N.D. Iowa 2011).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

Although Bieler's complaint refers to the federal Americans with Disabilities Act (ADA), his failure-to-accommodate claim is also cognizable under the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. § 48-1101 *et seq. See Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 777 n.3 (8th Cir. 2012). Because it is the well-pleaded facts, not legal theories or conclusions, that determine the adequacy of a complaint, *see Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009), the Court will consider Bieler's complaint as raising claims under both state and federal law.

### NFEPA CLAIM

The NFEPA makes it unlawful for an employer to discriminate based on "race, color, religion, sex, disability, marital status, or national origin" or

because an employee "opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. §§ 48-1104 and 48-1114. A written charge of violation of the NFEPA shall be filed within 300 days after the occurrence of the alleged unlawful employment practice. § 48-1118(2). There is no statute of limitations during the NEOC's proceedings. *Adams v. Tenneco Auto. Operating Co.*, 358 F. Supp. 2d 878, 880 (D. Neb. 2005). But any suit following a determination by the NEOC must be filed within 90 days. *See* § 48-1120.01.

In *Hohn v. BNSF Railway*, the Eighth Circuit held that a claim filed more than 90 days after an NEOC determination should have been dismissed. 707 F.3d 995, 1000-01 (8th Cir. 2013). The plaintiff in that case had filed an employment discrimination charge with the NEOC which was closed by August 4, 2005, and a charge with the EEOC which resulted in a right-to-sue letter dated September 21. *Id.* at 999. The plaintiff filed suit in federal district court within 90 days of the EEOC's right-to-sue letter, but more than 90 days after the NEOC's final determination. *Id.* The Eighth Circuit held that the plaintiff's NFEPA claim was untimely because it was not filed within 90 days of the NEOC's determination. *Id.* at 1001. The same is true here.

Bieler's complaint in this case was filed 153 days after the date of the NEOC notice. Accordingly, Bieler's NFEPA claim must be dismissed.

## ADA Claim

An ADA claim is also subject to a 90-day statute of limitations. *See*, 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004). Bieler's only response to Cardinal Health's motion to dismiss is that, by his calculations, his complaint was filed on the last day within that statute of limitations. Filing 12. But his calculations are incorrect.

The EEOC notice was mailed to Bieler on Friday, October 23, 2015. Filing 9-2. The Court begins to count 90 days by excluding the day of the event that triggers the period, and counting every day, including weekends and holidays. Fed. R. Civ. P. 6(a)(1). So, the 90th day was Thursday, January 21, 2016. Then, "[w]hen a party may or must act within a specified time after service" and the party was notified by mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Rule 6(d); *see, Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 862 (S.D. Iowa 2007); *see also Treanor v. MCI Telecomm. Corp.*, 150 F.3d 916, 919-20 (8th Cir. 1998) (Rule 6(a) employed before addition under 3-day mailing rule). That extends the limitations period to Sunday, January 24, and "if the last day is a Saturday, Sunday, or

legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Rule 6(a)(1)(C). So, the final day of the limitations period was Monday, January 25.[1]

Bieler's complaint—at least, as to his failure-to-accommodate claim—was not timely filed. *See* filing 1. Bieler has presented nothing to rebut the presumption of receipt, *see Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir. 2004), or suggest that equitable tolling might somehow be appropriate. *See, e.g., Coons v. Mineta,* 410 F.3d 1036, 1040 (8th Cir. 2005); *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998); *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990). Accordingly, his failure-to-accommodate claim is time-barred.

## CONCLUSION

Bieler's failure-to-accommodate claim will be dismissed. Bieler's retaliatory discharge claim remains. Cardinal Health will be ordered to file an answer to Bieler's remaining claim (or seek an extension of time to do so) within 14 days of this memorandum and order, pursuant to Rule 12(a)(4)(A).

IT IS ORDERED:

1. Cardinal Health's motion to dismiss (filing 7) is granted.

2. Bieler's failure-to-accommodate claim is dismissed.

3. Cardinal Health shall file and serve an answer to Bieler's remaining claim as provided by Rule 12(a)(4)(A).

Dated this 6th day of May, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] In 2016, the holiday for the Birthday of Martin Luther King, Jr. was Monday, January 18. *See* 5 U.S.C. § 6103(a).